J-A05042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DEVIN L. HARRIS | : | |
| Appellant | : | No. 398 EDA 2023 |

Appeal from the PCRA Order Entered January 20, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008432-2009

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DEVIN L. HARRIS | : | |
| Appellant | : | No. 399 EDA 2023 |

Appeal from the PCRA Order Entered January 20, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008344-2009

BEFORE:   DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                         **FILED MAY 9, 2024**

Devin L. Harris ("Harris") appeals from the order dismissing his timely,

first Post Conviction Relief Act[1] ("PCRA") petition.  We affirm.

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

Harris and R.W. ("Mother")[2] were previously in a relationship and have a daughter together. In January of 2009, their daughter, then aged three, as well as Mother's twin sons, R.W. and T.W., then aged seven, stayed with Harris for a weekend visit. Upon their return home, R.W. told Mother that Harris touched his "wee-wee and . . . butt," and a report was made to the Philadelphia Police Department. *Commonwealth v. Harris*, 237 A.3d 1097 (Pa. Super. 2020) (unpublished memorandum at *2) (record citations and footnote omitted), *appeal denied*, 242 A.3d 1289 (Pa. 2020). Two months later, T.W. told Mother that Harris had also inappropriately touched him. Subsequently, Philadelphia Police Detective Linda Blowes of the special victims' unit interviewed R.W., T.W., Mother, and Harris.

The Commonwealth charged Harris with multiple offenses. This matter proceeded to a jury trial, where Harris was represented by Robert Dixon, Esquire ("Trial Counsel"). On direct appeal, this Court summarized:

> R.W. and T.W., who were then 10 years old, each testified that [Harris] removed their pants and "put his wee-wee[, indicating his penis,] in [his] butt." R.W. also testified that after [Harris] bathed him, [Harris] "licked [his weewee.]"
>
> The Commonwealth also called to testify Mother, Detective Blowes, as well as the prior Assistant District Attorney, Adam Geer, Esquire [("Attorney Geer"),] who previously prosecuted this case at the preliminary hearing[ and was no longer working with the District Attorney's Office.] He testified about his interviews of Mother, R.W., and T.W. [Harris] did not object to any of Attorney Geer's testimony, and briefly cross-examined him.

---

[2] As Mother and one child both have the initials R.W., we refer to Mother as "Mother" and to the child as "R.W."

*Id*. at (unpublished memorandum at *3) (record citations and footnote omitted). Harris did not testify but called character witnesses. Additionally, we note that Harris' statement, in which he denied touching either child, was introduced *via* Detective Blowes' testimony.

The jury found Harris guilty of involuntary deviate sexual intercourse ("IDSI") by forcible compulsion, indecent assault of a person less than 13 years of age, endangering the welfare of children and corruption of minors.[3] On January 25, 2013, the trial court imposed an aggregate sentence of 12.5 to 25 years' imprisonment. Additionally, Harris was found not to be a sexually violent predator under the Sex Offender Registration and Notification Act[4] ("SORNA"), but the trial court directed him to comply with lifetime registration. Harris did not file a post-sentence motion.

On June 30, 2020, this Court affirmed Harris' judgment of sentence. The Pennsylvania Supreme Court denied his petition for allowance of appeal.

On December 20, 2021, Harris filed the underlying, timely[5] PCRA petition, *pro se*. The PCRA court appointed present counsel, Lawrence

---

[3] 18 Pa.C.S.A. §§ 3123(a)(1), 3126(a)(7), 4304(a)(1), 6301(a)(1).

[4] 42 Pa.C.S.A. §§ 9799.10 to 9799.75.

[5] The Pennsylvania Supreme Court denied Harris' petition for allowance of appeal on December 22, 2020. Harris had ninety days, or until March 22, 2021, to file a writ of *certiorari* with the United States Supreme Court. **See** U.S.Sup.Ct.R. 13. When he did not file such a writ, his judgment of sentence
*(Footnote Continued Next Page)*

O'Connor, Esquire, who filed an amended PCRA petition. The petition averred Trial Counsel was ineffective for: (1) not objecting to prior prosecutor Attorney Geer's giving an expert opinion at trial; (2) not introducing impeachment evidence against the two minor victims; and (3) not challenging the veracity of the affidavit of probable cause supporting the application for an arrest warrant, and not requesting a *Franks*[6] hearing. Additionally, the PCRA petition alleged: (1) the evidence presented at trial was insufficient to sustain his convictions; (2) the jury improperly deemed the testimony of Attorney Geer to be credible; (3) the Commonwealth's presentation of the victims' perjured and fabricated testimony constituted prosecutorial misconduct; and (4) the SORNA registration requirement violated his due process rights,

_____

became final on that deadline for PCRA purposes. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States or at the expiration of time for seeking the review). Harris then generally had one year, or until March 22, 2022, to file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1).

[6] *Franks v. Delaware*, 438 U.S. 154 (1978). This Court has explained:

> [*Franks*] held that, where a defendant makes a substantial preliminary showing that a false statement was knowingly and deliberately, or with reckless disregard for the truth, included by an affiant in his application for a search warrant and where the alleged false statement was necessary to a finding of probable cause, the Fourth Amendment requires that a hearing be held at [a] defendant's request so that he might challenge the veracity and integrity of the warrant.

*Commonwealth v. Fletcher*, 307 A.3d 742, 747-48 (Pa. Super. 2023) (citations omitted).

because he had no opportunity to disprove SORNA's declaration that registrants are dangerous and are highly likely to repeat their behaviors.

The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, and on January 20, 2023, issued the underlying order dismissing the petition. Harris timely appealed,[7] and both he and the PCRA court have complied with Pa.R.A.P. 1925.

Harris presents three issues for our review:

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that trial counsel was ineffective for failing to object to the Commonwealth's introduction of unqualified opinion evidence from the former prosecutor; introduce impeachment evidence on multiple occasions; challenge the veracity of the information contained in the Affidavit of Probable Cause and request a *Franks* hearing; and properly challenge the competency of the child witnesses.

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish violations of [Harris'] constitutional rights under the United States and Pennsylvania Constitutions, including prosecutorial misconduct, as well as a conviction based on evidence that did not establish his guilt beyond a reasonable doubt.

3. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Harris' Brief at 7.

_____

[7] The underlying offenses appear at two trial docket numbers. Harris filed separate notices of appeal at each docket, in compliance with *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) (stating that when "one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed").

In Harris's first issue, he avers the PCRA court erred in dismissing his PCRA petition, where he presented "clear and convincing evidence" of Trial Counsel's multiple instances of ineffective assistance. Harris' Brief at 13. "Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011). To prevail on a claim of counsel's ineffectiveness, a petitioner "must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [the petitioner] suffered prejudice because of counsel's action or inaction." *Id*. at 260. Counsel is presumed to have been effective. *Id*.

For ease of discussion, we review separately Harris' multiple claims of ineffectiveness. First, Harris avers Trial Counsel was ineffective for failing to object to the expert "opinion testimony" given by Attorney Geer. Harris' Brief at 14. Harris posits that although Attorney Geer was not qualified as an expert in child psychology or child abuse, he improperly gave an expert opinion "that he found the child [victims were] credible." *Id*. Harris contends this testimony had the practical effect of endorsing and unfairly bolstering the victims' credibility, and thus his due process right to a fair trial was violated.

In denying relief, the PCRA court reasoned that Attorney Geer's testimony was limited to whether the minor witnesses felt scared at the

preliminary hearing: "Attorney Geer observed the different behaviors between the [victims] and change[s] in their demeanor when confronted with questions about the sexual assault."[8]  PCRA Court Opinion, 4/19/23, at 6.

Preliminarily, we observe that on appeal, Harris has not addressed the PCRA court's analysis.  Instead, Harris has simply reproduced the text of his amended PCRA petition.[9]  *See* Harris' Brief at 13-20.  His present discussion thus is, in effect, a request for this Court to review his claims *de novo*, without regard to the review already undertaken by the PCRA court.  This we cannot do.  *See Commonwealth v. Walker*, 954 A.2d 1249, 1255 (Pa. Super. 2008)

---

[8] The PCRA court pointed out that on direct appeal, Harris raised a claim that, in contravention of Pa.R.P.C. 3.7(a), the trial court erred in permitting Attorney Geer to testify at trial.  *See* Pa.R.P.C. 3.7(a) (providing that generally, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness").  This Court concluded the issue was waived as Trial Counsel had not objected at trial.  Nevertheless, this Court further reasoned that the rule focuses on an attorney's dual roles, as advocate and witness, in the same proceeding, but here, Attorney Geer was no longer an advocate when he testified at trial.  Presently, Harris presents a new theory in challenging Attorney Geer's testimony — that Attorney Geer improperly gave an expert opinion.

[9] Despite the apparent deficiencies in the appellate brief, we note that under current decisional authority, Attorney O'Connor's conduct would not rise to *per se* ineffectiveness, as we are able to review some of Harris' claims and, thus, he has not been entirely denied appellate review.  *See Commonwealth v. Rosado*, 150 A.3d 425, 433 (Pa. 2016) (stating "that errors which **completely** foreclose appellate review amount to a constructive denial of counsel and thus ineffective assistance of counsel *per se*, whereas those which only **partially** foreclose such review are subject to the ordinary" three-part ineffectiveness test).  Accordingly, as Attorney O'Connor's stewardship does not rise to the level of *per se* ineffectiveness, and we are not presented with any claim of **his** ineffectiveness in this appeal, we may not address it *sua sponte*.

(*en banc*) (stating that "[t]his Court is an error-correcting court; it is not an error-finding court"). In any event, Harris does not refute the PCRA court's discussion that Attorney Geer merely testified about his observations — that the victims' demeanors changed when asked questions about the sexual assault. **See also** Harris' Brief at 14 (stating that Attorney Geer "described his interviews with the [victims] and their mother prior to the preliminary hearing"). Instead, Harris continues to claim that "Attorney Geer testified that he found the child [victims] to be credible." Harris' Brief at 14. However, he fails to provide any explanation of what Attorney Geer testified to particularly. Harris also fails to cite to the place in the record where Attorney Geer allegedly gave this testimony. **See** Pa.R.A.P. 2119(c) (providing that if an appellant refers to any matter appearing in the record, the argument must set cite the place in the record where the matter appears). Finally, Harris fails to cite or discuss any legal authority in support of his vague claim that Attorney Geer's testimony constituted an expert opinion. **See** Pa.R.A.P. 2119(a) (providing that argument shall include discussion and citation of authorities as are deemed pertinent). For the foregoing reasons, we do not disturb the PCRA court's denial of relief on this claim.

Within Harris' first issue, he further alleges that Trial Counsel was ineffective for failing to impeach the minor victims with the "inconsistent statements they made to investigators and at the preliminary hearing." Harris' Brief at 15. Harris also asserts Trial Counsel failed to impeach both

victims and Mother with "information contained in the . . . forensic interview." ***Id***. Harris states that "no competent lawyer would have failed to confront the witnesses with impeachment evidence." ***Id***.

Pennsylvania Rule of Appellate Procedure 2119(a) provides that the argument section of a brief shall set forth "the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "'The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119.' While this Court may overlook minor defects or omissions in an appellant's brief, we will not act as his or her appellate counsel." ***Commonwealth v. Freeman***, 128 A.3d 1231, 1249 (Pa. Super. 2015) (citations omitted). An appellant's failure to present a developed, reasoned, and supported argument results in waiver for lack of development. ***See Spotz***, 18 A.3d at 281 n.21.

Harris provides no discussion of the relevant portions of either victims' trial testimony. He does not explain any of R.W.'s or T.W.'s trial testimony, what either victim stated in their forensic interviews or at the preliminary hearing, how they differed from the trial testimony, and what particular prior statement could have been presented to confront either child or Mother. Again, Harris fails to cite to the relevant places in the record where any of these statements arose. ***See*** Pa.R.A.P. 2119(c). As Harris has not provided any meaningful discussion of the particular statements, at or before trial, we

are unable to review his claim, and we conclude it is waived.[10]  **See** Pa.R.A.P. 2119(a); **see also Spotz**, 18 A.3d at 281 n.21.

Next, within his first issue, Harris asserts: (1) Trial Counsel was ineffective for not filing a suppression motion to challenge the veracity of statements in the affidavit of probable cause supporting the arrest warrant; and (2) such a motion would have allowed the trial court to determine if a **Franks** hearing was required.  Harris insists: the information provided by the victims was "patently false and misleading;" the affiant failed to investigate the statements made; this "duplicity could have been recognized with minimal investigation;" and the affidavit of probable cause itself was also "patently false."  Harris' Brief at 15.  Harris concludes "the lack of supporting medical documentation" should have been "easily recognizable to the affiant."  **Id**. Harris then reasons that the false affidavit of probable cause "establish[es] grounds to invalidate the arrest warrant," and accordingly "the justification for the arrests become the fruits of the poisonous tree."  **Id**. at 16.

We reiterate that Harris' entire, brief argument is merely a reproduction of what was presented in his amended PCRA petition.  We again conclude that

---

[10] We note that in denying relief on this claim, the PCRA court reasoned that because the defense theory of the case was that the victims were lying, Trial Counsel had a strategic reason to not "engage in a pointed cross-examination of the child victims."  PCRA Court Opinion, 4/19/23, at 6.  As we determine Harris has failed to preserve his issue for our review, we do not review the merits of his claim.  In any event, on appeal Harris does not address the PCRA court's discussion.

- 10 -

Harris has failed to develop his argument with any reasonable discussion of the allegedly false affidavit of probable cause statements. Harris does not explain at all what the affidavit of probable cause stated, which statements were allegedly false, and what the correct information would have been. Instead, Harris baldly refers to "patently false and misleading" statements made by the victims. Harris' Brief at 15. Harris' claim that there was no medical documentation, presumably of the victims' injuries, alone does not establish that the victims were untruthful. In the absence of a reasoned and supported discussion, we conclude this issue is waived for our review.[11] **See** Pa.R.A.P. 2119(a); **see also Spotz**, 18 A.3d at 281 n.21.

The final portion of Harris' first claim is that the cumulative effect of Trial Counsel's multiple instances of ineffectiveness establish prejudice. The Pennsylvania Supreme Court has explained:

> We have often held that "no number of failed [] claims may collectively warrant relief if they fail to do so individually." However, we have clarified that this principle applies to claims that fail because of lack of merit or arguable merit. When the failure of individual claims is grounded in lack of prejudice, then the cumulative prejudice from those individual claims may properly be assessed.

---

[11] Harris' statement of the questions involved, as well as the relevant heading in his brief, additionally state a claim that Trial Counsel was ineffective for not challenging the minor victims' competency to testify. Harris' Brief at 8, 13. However, he has not presented any argument on this claim. Accordignly, it is also waived. **See** Pa.R.A.P. 2119(a); **see also Spotz**, 18 A.3d at 281 n.21.

*Spotz*, 18 A.3d at 321. We incorporate our above discussion. As Harris has not presented any meritorious argument in support of his claims, we conclude that no relief is due on this claim of cumulative prejudice. *See id*.

In Harris' second enumerated issue, he again presents several distinct claims. First, he claims the evidence presented at trial was insufficient to sustain his convictions. In support, Harris cites "[t]he lack of any definitive physical evidence," "the lack of medical evidence," the victims' inconsistent statements, and the jury's reliance on Attorney Geer's "unqualified opinion evidence" that the victims were credible. Harris' Brief at 18. Next, Harris avers: (1) the prosecutor was aware that the victims' trial testimony was "entirely contradictory" of their statements, as well as Mother's statements, to police, and of their preliminary hearing testimony; and (2) the prosecutor's "presentation of knowingly false testimony" constituted prosecutorial misconduct. *Id*. at 19. Harris further contends that these "constitutional claims cannot be deemed waived by [Trial C]ounsel's failure to raise the issues at trial." *Id*. at 18.

To be eligible for PCRA relief, a petitioner must plead and prove that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). An issue has been waived "if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S.A. § 9544(b). An issue has been previously litigated if "the highest appellate court in which the petitioner

could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.A. § 9544(a)(2).

With respect to Harris' claim that the evidence was insufficient to sustain his convictions, we emphasize he raised this issue on direct appeal. This Court addressed the merits and concluded no relief was due. Accordingly, we conclude this issue was previously litigated, and the PCRA court did not err in denying relief. *See* 42 Pa.C.S.A. §§ 9543(a)(3), 9544(a)(2).

Harris' next allegation, that the knowing presentation of false testimony from the victims amounted to prosecutorial misconduct, could have been raised before the trial court and on direct appeal. This issue is thus waived from PCRA review. *See* 42 Pa.C.S.A. §§ 9543(a)(3), 9544(b). Harris cites no legal authority, and we have not discovered any, to support his bald claim that these issues "cannot be deemed waived by [Trial C]ounsel's failure to raise the issues at trial." Harris' Brief at 18. Accordingly, we conclude that no relief is due.

Finally, Harris' second enumerated issue includes a challenge to his SORNA registration requirement. He argues:

> [T]he SORNA registration violates his due process rights based on the Act's declaration that registrants are highly likely to repeat their behavior and are dangerous. The Act does not provide [him] the opportunity to prove that he is not highly likely to repeat the offense or similar behaviors, and that issue was never established during the trial. As such, [Harris] was never provided the opportunity to defend himself on this issue, which amounts to a denial of his due process rights. Further, protection of his reputation is a recognized fundamental right under the Pennsylvania Constitution. Effectively, SORNA registration denies

- 13 -

[Harris] his right to reputation through the presumption that he is dangerous and a high risk to repeat sexually criminal behavior. Without any evidence to support this presumption, appellant is effectively denied his fundamental right of reputation as recognized by the Pennsylvania Constitution and entitled to relief pursuant to Section 9543(a)(2)(i) of the PCRA.

Harris' Brief at 19-20.

We consider whether this issue was preserved. While Harris included this issue in his amended PCRA petition, he did not raise it in his court-ordered Rule 1925(b) statement.[12] **See** Pa.R.A.P. 1925(b)(4)(vii) (stating that issues not included in a Rule 1925(b) statement are waived). Importantly, Harris does not address which subchapter of SORNA — H or I — applies to him. As we discuss **infra**, this distinction may affect our review of issue preservation.

Harris avers he was ordered to comply with lifetime registration "as a Tier III offender," which is a reference to Subchapter **H**. Harris' Brief at 9; **see also** 42 Pa.C.S.A. § 9799.14 (falling within Subchapter H and setting forth Tier I, II, and III classifications). We note Subchapter I does not include a similar tier structure. Neither the certified record nor the PCRA court's opinion state which subchapter was applied to Harris; the sentencing sheets state only that he must comply with lifetime registration.

Our review of the SORNA statutes indicates that Harris is subject to Subchapter **I**, as he committed the underlying crimes in 2009 — which fell

---

[12] The PCRA court did not address this issue.

within the applicable period of 1996 through 2012.[13]  **See** 42 Pa.C.S.A. § 9799.55(a)(1)(i)(A).

The Pennsylvania Supreme Court has concluded that the general principle — "that challenges implicating the legality of a sentence cannot be waived — applies equally to constitutional challenges to Revised Subchapter **H** of SORNA."  **Commonwealth v. Thorne**, 276 A.3d 1192, 1194 (Pa. 2022) (emphasis added).  Meanwhile, "our Supreme Court has [also] concluded that claims predicated upon the Pennsylvania Constitution's 'right to reputation' may be waived for failure to raise them in the trial court."  **Commonwealth v. Carr**, 262 A.3d 561, 573 (Pa. Super. 2021).

Here, Harris presents no challenge to the legality of his sentence. Indeed, even if he had, such a claim would be meritless, as the Pennsylvania Supreme Court has recognized that Subchapter I does not constitute criminal punishment.  **See Commonwealth v. Lacombe**, 234 A.3d 602, 626 (Pa. 2020); **see also Commonwealth v. Smith**, 240 A.3d 654, 657-58 (Pa. Super. 2020).  Instead, Harris argues the SORNA registration requirement violates his right to his reputation.  Such a claim may be waived, and we conclude that here, Harris has waived his issue for failure to include it in his

---

[13] In particular, Subsection 9799.55(b)(1) sets forth lifetime registration for a defendant, such as Harris, who has been convicted of an IDSI committed between 1996 and 2012.  **See** 42 Pa.C.S.A. § 9799.55(b).

court-ordered Rule 1925(b) statement. *See* Pa.R.A.P. 19254)(vii); *see also*

*Carr*, 262 A.3d at 573. Accordingly, no relief is due.

In his final issue, Harris alleges the PCRA court erred in denying an

evidentiary hearing. This Court has stated:

> [T]he right to an evidentiary hearing on a post-conviction petition
> is not absolute. It is within the PCRA court's discretion to decline
> to hold a hearing if the petitioner's claim is patently frivolous and
> has no support either in the record or other evidence. It is the
> responsibility of the reviewing court on appeal to examine each
> issue raised in the PCRA petition in light of the record certified
> before it in order to determine if the PCRA court erred in its
> determination that there were no genuine issues of material fact
> in controversy and in denying relief without conducting an
> evidentiary hearing.

*Commonwealth v Grayson*, 212 A.3d 1047, 1054 (Pa. Super. 2019)

(citations omitted).

Harris maintains that he "raised significant claims of [T]rial [C]ounsel's

ineffectiveness, as well as multiple violations of his constitutional rights," and

all were "legitimate" and "based on facts and supported by legal precedent."

Harris' Brief at 20.

In explaining its decision to not hold an evidentiary hearing, the PCRA

court reasoned that Harris "failed to introduce any new evidence or even

mention the possibility of new evidence." PCRA Court Opinion, 4/19/23, at 9.

As discussed above, Harris does not address the PCRA court's

discussion. Instead, he again presents a bald, vague claim that his issues

were meritorious. We incorporate our above discussion and conclude the

PCRA court did not err in declining to hold a hearing.

For the foregoing reasons, we affirm the order of the PCRA court dismissing Harris' PCRA petition.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/09/2024